**Rafael AGUILAR–HUERTA, Petitioner,**

**v.**

**Eric H. HOLDER Jr., Attorney General, Respondent.**

**No. 08–73073.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 16, 2010.*

Filed Feb. 22, 2010.

Rafael Aguilar–Huerta, Morro Bay, CA, pro se.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Joubin Nasseri, Nasseri Law Group, Los Angeles, CA, Petitioner.

OIL, Christopher McGreal, U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

MEMORANDUM **

Rafael Aguilar–Huerta, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals decision summarily affirming the immigration judge's denial of petitioner's motion to reopen, seeking to apply for relief under the Convention Against Torture ("CAT").

Aguilar–Huerta's claim for protection under CAT failed to present evidence of changed country conditions in Mexico that are material to petitioner and his circumstances. *See* 8 C.F.R. § 1003.2(c)(3)(ii); *Nuru v. Gonzales*, 404 F.3d 1207, 1216 (9th Cir.2005) (holding that CAT applicant must establish that it is more likely than not that he would be tortured if removed to his native country).

Aguilar–Huerta also contends that the IJ violated his due process rights by not allowing him to present evidence of changed circumstances at an evidentiary hearing. Because the BIA considered the attached affidavits and the country conditions information in the motion to reopen, he cannot show a due process violation. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Cir.2000) (holding that petitioner must demonstrate error and substantial prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**